UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NGOC HA T. NGUYEN, <br><br> Defendant. | Case No.: 5:11-CV-01166 EJD <br><br> **ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT** <br><br> (Re: Docket Nos. 17 and 20) |

On September 23, 2011, the court heard oral argument on (1) Defendant Ngoc Ha T. Nguyen's motion for an order setting aside the default entered in the above-entitled action on June 2, 2011 and (2) Plaintiff's motion for a default judgment. For the reasons discussed below, at the hearing the court GRANTED Defendant's motion to set aside the default and DENIED Plaintiff's motion for a default judgment.

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside entry of default for good cause. The Ninth Circuit utilizes a three-factor test to determine whether good cause exists. See United States v. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) ("good cause" determination requires consideration of three factors: (1) whether defendant engaged in culpable conduct; (2) whether defendant has no meritorious defense; or (3) whether opposing party will suffer prejudice). Pursuant to Mesle, "a finding that any one of these factors is true is sufficient reason for the district

1

Case No.: 5:11-CV-01166 EJD
ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT

court to refuse to set aside the default." Id. As the party seeking relief from the entry of default, Defendant here bears the burden of showing that the three Mesle factors favor such relief. See Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 926 (9th Cir. 2004).

With respect to the first Mesle factor, the court concludes that Defendant has not engaged in culpable conduct. A Defendant's conduct is culpable "if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." Mesle, 615 F.3d at 1092 (culpability requires the defendant to have "acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process'") (citing TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001)). Here, Defendant mistakenly believed this action was related to another pending action brought against her for similar conduct (Case No. 5:11-CV-506), in which Defendant had already filed an answer. Thus, Defendant believed she had already responded to the complaint. Furthermore, Defendant was unrepresented, a fact that warrants added consideration. See Mesle, 615 F.3d at 1093 (declining to attribute intentionality to an unrepresented defendant's mere failure to answer a complaint, holding that such a stringent culpability standard was reserved for a "legally sophisticated entity or individual" who is presumed to have "an understanding of the consequences of its actions"). In view of these facts, the court concludes that Defendant has not intentionally failed to answer or respond to the complaint. Therefore, Defendant has not engaged in culpable conduct under Mesle.

Nor is Defendant devoid of a potentially meritorious defense. To satisfy the meritorious defense requirement, "[a] defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." See Mesle, 615 F.3d at 1094. However, the burden to show a meritorious defense in support of a motion to set aside "is not extraordinarily heavy." Id. Defendant need only "allege sufficient facts that, if true, would constitute a defense . . . ." Id. Furthermore, the meritorious defense requirement is also more liberally applied on a Rule 55(c) motion to set aside entry of default than on a Rule 60(b) motion to set aside default judgment. See

id. at 1091 n. 1. Here, Defendant's motion to set aside the default challenges the complaint on the ground that the program was not shown at her restaurant on March 13, 2010. See, Mot. Set Aside Def. at 4. Liberally construed, defendant's motion challenges the allegations of the complaint on its merits, for failure to state a claim. Thus, Defendant has presented a legally cognizable defense.

Finally, there is no prejudice to Plaintiff that results from setting aside the default. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, the standard is whether plaintiff's ability to pursue his claim will be hindered." TCI Group, 244 F.3d at 701 (internal citation and quotation marks omitted). Here, Defendant filed her answer on October 3, 2011, a delay of several months. Plaintiff, however, has not shown that this delay would result in "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." Thompson v. American Home Assur. Co., 95 F. 3d 429, 433-434 (6th Cir. 1996). Moreover, particularly—as here—where default judgment has not been entered, the lack of prejudice to Plaintiff favors granting the motion to set aside entry of default.

In sum, therefore, the three factors in the good cause analysis under Mesle favor setting aside the entry of default pursuant to Rule 55(c). This conclusion is furthermore consistent with the strong public policy that generally disfavors default judgments in favor of resolving a case on its merits. See Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985). Accordingly, Defendant's motion to set aside the default against him is GRANTED.  Because Defendant is no longer in default, Plaintiff's motion for a default judgment is DENIED as moot.

**IT IS SO ORDERED.**

Dated: Fgego dgt'36.'4233

_____
EDWARD J. DAVILA
United States District Judge

3
Case No.: 5:11-CV-01166 EJD
ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT